Veena RANI, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–75627.

United States Court of Appeals, Ninth Circuit.

Submitted March 19, 2008.*

April 18, 2008.

Before: SKOPIL, FARRIS, and BEEZER, Circuit Judges.

MEMORANDUM **

Veena Rani, a native and citizen of India, petitions for review of a final decision issued by the Board of Immigration Appeals (BIA) affirming an Immigration

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Judge's (IJ) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny review.

## DISCUSSION

To establish her eligibility for asylum, Rani was required to prove she suffered past persecution or she has a well-founded fear of future persecution. *See Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). To qualify for withholding of removal, she had to demonstrate it is more likely than not that she would be subjected to persecution if she returned to India. *See Kohli v. Gonzales,* 473 F.3d 1061, 1070 (9th Cir.2007). CAT relief required her to establish it would be more likely than not that she would be tortured with the acquiescence of the Indian government upon her return. *See Muradin v. Gonzales,* 494 F.3d 1208, 1210–11 (9th Cir. 2007).

Rani claims she satisfied these burdens because she was persecuted and tortured in India as a result of her husband's political activities. Specifically, she testified her husband was arrested twice by police and beaten and that she was also taken into custody, held overnight, beaten and sexually harassed. She claimed that police later came to her house and interrogated her two children regarding her husband's whereabouts. After this last incident, Rani moved her family elsewhere in India and eventually came to the United States.

■ The IJ determined that Rani's claims were not credible. She does not challenge that adverse credibility finding other than to argue that she "established past persecution . . . based on her detailed and consistent testimony, and supporting documentation." We cannot agree with that argument. The IJ identified discrepancies between Rani's testimony and her application, noted various inconsistencies in her testimony, and specifically cited her inability to explain when she last saw her husband, who supplied her medical reports, and the identity of the individuals who submitted affidavits in her support. These all go to the heart of her claims and justify the IJ's adverse credibility determination and the denial of asylum. *See Singh v. Gonzales,* 439 F.3d 1100, 1108 (9th Cir.2006).

■ Rani's failure to establish her eligibility for asylum also means she failed to meet the higher burden required for withholding of removal. *See Kumar v. Gonzales,* 439 F.3d 520, 525 (9th Cir.2006). That failure does not, however, preclude CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Nonetheless, because her claim of torture is based on the same statements and evidence the IJ determined not to be credible, the CAT claim was also properly rejected. *See id.* at 1157.

■ Finally, Rani raises a due process claim, alleging she was denied "a full and complete hearing on her statutory right to apply for and if eligible, receive withholding of [removal]." She does not explain, however, why her hearing was not "full and complete" or how she was otherwise denied her due process rights. Indeed, the record indicates she was represented by counsel and was given ample notice and opportunity to testify, present evidence, and to call witnesses. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 620–21 (9th Cir.2006) (noting scope of an alien's due process rights). We conclude there was no due process violation.

## PETITION FOR REVIEW DENIED.